**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v. CASE NO:

SMOKED BBQ, LLC and PATRICK SOUTH,

Defendants.
________________________________/

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES**

KINSALE INSURANCE COMPANY ("Kinsale") files suit against SMOKED BBQ, LLC ("Smoked BBQ") and Patrick South, and alleges:

**NATURE OF ACTION**

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for claims arising out of bodily injury that did not occur at a location designated for coverage under the Policy.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this district because the incident occurred in this district, the underlying lawsuit is pending in this district, the insurance policy was issued in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Smoked BBQ.

6. Smoked BBQ is a Florida limited liability company. Smoked BBQ's sole member, Michael Flaherty, is domiciled in Monroe County, Florida. Smoked BBQ is accordingly a citizen of Florida.

7. Patrick South is domiciled in Monroe County, Florida. South is accordingly a citizen of Florida.

## THE INCIDENT

8. On 01/21/2026, South filed suit against Smoked BBQ in circuit court in Monroe County, Florida, in a lawsuit styled *Patrick South v. Smoked BBQ LLC*, Case Number 26-CA-000089-K. (*See* Complaint, which is attached as Exhibit "A.")

9. Smoked BBQ owned and operated a restaurant located at 1801 North Roosevelt Boulevard in Key West, Florida. (*Id.* at ¶ 5.)

10. On 11/01/2024, South purchased a BBQ sandwich prepared and served by Smoked BBQ. (*Id.* at ¶ 9.)

11. The sandwich South purchased allegedly contained a shard from a wire-bristle grill-cleaning brush. (*Id.* at ¶¶ 10-11.)

12. The metal shard became lodged in South's esophageal tissue when he consumed the sandwich. (*Id.* at ¶¶ 11-12.)

13. South "did not eat any portion of the subject food item while [he was] on the restaurant's premises." (*See* South's Responses to Smoked BBQ's First Request for Admissions, which are attached as Exhibit "B," at Response No. 22.)

14. Instead, South brought the food to his home at 1032 Catherine Street, Key West, Florida, and placed it in his refrigerator in its original container. (*See* Ex. B at Response No. 23; *see also* South's Verified Answers to Smoked BBQ's First Set of Interrogatories, which are attached as Exhibit "C," at Response No. 1.)

15. South then left his home, returned several hours later, removed the food from the refrigerator, reheated it in the microwave, and began eating it. (*See* Ex. C at Responses No. 7 and 28.)

16. South alleges Smoked BBQ negligently prepared, handled, inspected, and served the food and failed to properly inspect or maintain its grill-cleaning equipment. (Id. at ¶¶ 16-20.)

## **THE KINSALE POLICY**

17. Smoked BBQ applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100330256-0, and effective from 10/16/2024 to 10/16/2025 (the "Policy"). (*See* Policy, which is attached as Exhibit "D.")

18. Before the Policy was issued and delivered to Smoked BBQ, all forms and endorsements were disclosed to Smoked BBQ in a Quote. (*See* Quote, which is attached as Exhibit "E.")

19. Before the Policy was issued and delivered to Smoked BBQ, all forms and endorsements were disclosed to Smoked BBQ in a Binder. (*See* Binder, which is attached as Exhibit "F.")

20. Kinsale is providing Smoked BBQ with a defense in the underlying action under a complete reservation of rights.

**COUNT I – LIMITATION OF COVERAGE A AND COVERAGE C TO THE DESIGNATED LOCATION(S) OR PROJECT(S) OR EVENT(S)**

21. Kinsale incorporates paragraphs 1 through 20.

22. The Policy includes an endorsement labelled "LIMITATION OF COVERAGE A AND COVERAGE C TO DESIGNATED LOCATION(S) OR PROJECT(S) OR EVENT(S)" ("Designated Location Exclusion") that provides:

**LIMITATION OF COVERAGE A AND COVERAGE C TO DESIGNATED LOCATION(S) OR PROJECT(S) OR EVENT(S)**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SCHEDULE**

| **Designated Location(s) or Project(s) or Event(s):** | |
|---|---|
| **1** | 1801 N Roosevelt Blvd, 1 Bonita Pier, Key West, FL 33040 |
| **2** | 1052 Atlantic Boulevard, Key West, FL 33040 |
| (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to the policy) | |

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1.b. (1)** is deleted and replaced with the following:

b. This insurance applies to "bodily injury" or "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place at a Designated Location or Project or Event identified in the Schedule above, and the "bodily injury" or

> "property damage" also takes place at a Designated Location or Project or Event; …
>
> ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(*See* Ex. D at Form CAS2042 0418, Pg. 1/1.)

23. The Policy includes an endorsement labeled "POLICY AMENDMENT – EXTRINSIC EVIDENCE" ("Extrinsic Evidence Endorsement") that provides in pertinent part: "Our right and duty to defend or indemnify the insured against any claim or suit will be determined by review of the facts and allegations pleaded and the terms of this Policy, and we may look to and consider extrinsic evidence outside of the allegations, facts pleaded, or any combination thereof by any claimant to determine whether we owe a duty to defend or indemnify against any such claim or suit." (*Id.* at Form ADF2000 0622, Pg. 1/1.)

24. Kinsale may accordingly rely on extrinsic evidence, including discovery in the underlying action.

25. The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id.* at Form CAS3043 0621, Pg. 2/3.)

26. South allegedly suffered bodily injury when he consumed food purchased from Smoked BBQ.

27. South admitted he did not eat any portion of the sandwich while on Smoked BBQ's premises, instead he waited until after he returned to his home at 1032 Catherine Street, Key West, Florida, which is not a designated location. (*See* Ex. B at Responses No. 22-23; Ex. C at Response No. 1.)

28. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Designated Location Exclusion.

**COUNT II – REIMBURSEMENT OF DEFENSE EXPENSES**

29. Kinsale incorporates paragraphs 1 through 20.

30. In its reservation of rights letter, Kinsale specifically reserved the right to seek reimbursement of attorneys' fees and costs incurred by Kinsale defending Smoked BBQ. Specifically, Kinsale informed Smoked BBQ that Kinsale reserves the right to institute a declaratory judgment action on the issue of coverage under the Policy and seek reimbursement of all attorneys' fees and costs incurred, if there is a determination of no coverage.

31. Kinsale has been fully funding the defense of Smoked BBQ, which Smoked BBQ accepted.

32. Since there is no coverage, Kinsale is entitled to reimbursement of all attorneys' fees and costs. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1261 (N.D. Fla. 2016); *see also Houston Spec. Ins. Co. v. Fenstersheib*, 632 F. Supp. 3d 1318, 1334 (S.D. Fla. 2022) ("Because Houston never had a duty to defend and defended only under a complete reservation of rights that expressly preserved its right to seek reimbursement, Houston is entitled to recoup the defense costs it expended.").

**RELIEF REQUESTED**

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the Policy.

b) Declare the following:

i. Kinsale has no duty to defend or indemnify Smoked BBQ under the Policy's Designated Location Exclusion;

ii. Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Smoked BBQ because there is no coverage under the Policy.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SERGIO BUENO
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646